**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 96-20291
Summary Calendar

_____

In the Matter of: J. EDGAR CLAYTON, JR.;
PHYLLIS KOZMA CLAYTON, and PHYLLIS KOZMA CLAYTON,

Debtors.

_____

J. EDGAR CLAYTON, JR. and PHYLLIS KOZMA CLAYTON,

Appellants,

VERSUS

SHELL OIL COMPANY,

Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-94-3994)
_____
April 23, 1997
Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

This is the third time the Claytons have brought an appeal to this court seeking to avoid a lien on property in Houston, Texas. They challenge first the adverse ruling of the district court on a Rule 60(b)(6) motion. The motion was untimely and, in any event, was totally without merit. Next, the Claytons challenge the district court's order granting sanctions to Shell in the amount of $4,260 in attorney's fees and $78.60 in costs. The Claytons' vexatious litigation against Shell fully justified the sanctions.

Finally, the Claytons challenge the district court's denial of their motion to disqualify Judge Lynn Hughes. The only basis for disqualification of Judge Hughes was their dissatisfaction with him in ruling against them during the course of this litigation. This argument is also frivolous.

We warned the Claytons in July 1994 that any further meritless filings in this court would subject them to additional sanctions and/or discipline. Consistent with that order, we award $2,500 to Shell and against the Claytons to cover Shell's attorney's fees and costs in defending this appeal. *See* Fed. R. App. P. 38.[1] In addition, the costs of this appeal shall be taxed against the Claytons. Further, we direct the clerks of the district clerks of this circuit to return unfiled any pleadings filed by the Claytons

---

[1]Under Federal Rule of Appellate Procedure 38, this court may sanction an appellant who pursues frivolous appeals. Topalian v. Ehrman, 954 F.2d 1125 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992).

against Shell until Shell has filed a notice with the clerk of the district court that all sanctions imposed against the Claytons in Shell's favor have been paid.

AFFIRMED; SANCTIONS IMPOSED.